■ Michael McNulty, Appellant-Respondent, v Executive Kitchens, Ltd., et al., Respondents-Appellants. [742 NYS2d 354] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated March 30, 2001, as denied his motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), the defendant Executive Kitchens, Ltd., appeals, as limited by its

brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Tri-Rentall, Inc., appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified by deleting the provisions thereof denying the cross motions and substituting therefor provisions granting the cross motions; as so modified, the order is affirmed, with one bill of costs, and the complaint is dismissed.

The plaintiff Michael McNulty worked as a cabinetmaker at Executive Kitchen, his father-in-law's cabinetry shop furniture business. His father-in-law was also the sole owner of the defendant Executive Kitchens, Ltd., the holding corporation which owned the building where Executive Kitchen was located. On December 28, 1996, the plaintiff was climbing a metal extension ladder, borrowed from the defendant Tri-Rentall, Inc., to patch a leak in the roof of Executive Kitchen's one-story building. As he neared the roof, the ladder allegedly shifted, causing him to fall and sustain injuries.

The plaintiff subsequently commenced this negligence action, asserting claims against Executive Kitchens, Ltd., and Tri-Rentall, Inc., pursuant to Labor Law §§ 200, 240 (1), and § 241 (6), and for common-law negligence. Following completion of discovery, the plaintiff moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Executive Kitchens, Ltd., cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and Tri-Rentall, Inc., cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Although the Supreme Court properly denied the plaintiff's motion for summary judgment, it should also have dismissed his claim under Labor Law §§ 200, 240 and 241. The plaintiff admitted that in ascending the ladder to repair the roof, he was acting as a volunteer, and, contrary to the Supreme Court's determination, there is no factual question on this issue. Thus, the plaintiff has no claim under those sections of the Labor Law (see Oraa v McKennell, 261 AD2d 461; Harrison v City of New York, 248 AD2d 592).

The Supreme Court also erred in finding that a triable issue of fact exists as to the plaintiff's claim sounding in common-law negligence. Liability cannot attach to either defendant since the plaintiff failed to offer any evidence that either or

both of the defendants supervised or controlled the manner in which he performed his work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Sprague v Peckham Materials Corp.*, 240 AD2d 392; *Edwards v Twenty-Four Twenty-Six Main St. Assoc.*, 195 AD2d 592). Furthermore, in response to the evidence submitted by Tri-Rentall, Inc., showing that the ladder was not defective, the plaintiff failed to raise the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320). Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.