■ DENNIS MARKEY et al., Respondents, v C.F.M.M. OWNERS CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent, and REBAR STEEL CORP., Respondent-Appellant. ROBERT A. MONTELLO, Third-Party Defendant-Respondent. [858 NYS2d 293]—

In an action to recover damages for personal injuries, etc., the defendant and third-party plaintiff, C.F.M.M. Owners Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 10, 2007, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence, violation of Labor Law § 200, and violation of Labor Law § 241 (6) insofar as asserted against it and the cross claim of the defendant Rebar Steel Corp. for contribution and common-law indemnification, and for conditional summary judgment on its cross claims for common-law indemnification and/or contribution against the defendant Rebar Steel Corp. and on its third-party cause of action for common-law indemnification and/or contribution against the third-party defendant, Robert A. Montello, and the defendant Rebar Steel Corp. cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence, violation of Labor Law § 200, and violation of Labor Law § 241 (6) insofar as asserted against it and the cross claim of the defendant and third-party plaintiff, C.F.M.M. Owners Corp., against it for common-law indemnification and/or contribution.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant and third-party plaintiff, C.F.M.M. Owners Corp., which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and violation of Labor Law § 200 insofar as asserted against it and the cross claim of Rebar Steel Corp. and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On December 20, 2003, the plaintiff Dennis Markey, while

engaged in construction work renovating a bathroom at premises owned by the defendant C.F.M.M. Owners Corp. (hereinafter Owners) and leased to the defendant Rebar Steel Corp. (hereinafter Rebar), was struck in the right eye by a piece of wood molding which was expelled from an electric miter saw operated by his employer Robert A. Montello, causing blindness in that eye. Rebar hired Montello to perform the work and Montello brought the saw to the site on the day of the accident. Owners consented to the performance of the work, but played no role in the supervision of the work.

Dennis Markey and his wife commenced the instant action against Owners and Rebar. The causes of action in issue sound in common-law negligence, violation of Labor Law § 200, and violation of Labor Law § 241 (6). Owners cross-claimed against Rebar and commenced a third-party action against Montello for common-law indemnification and/or contribution. Rebar cross-claimed against Owners for common-law indemnification, contractual indemnification, and/or contribution.

Owners moved for summary judgment dismissing the complaint and the cross claim insofar as asserted against it, on its cross claims against Rebar, and on its third-party cause of action against Montello. Rebar cross-moved for summary judgment dismissing the complaint and the cross claim insofar as asserted against it. The Supreme Court denied the motion and cross motion. Owners appeals and Rebar cross-appeals.

With respect to the plaintiffs' causes of action sounding in violation of Labor Law § 200 and common-law negligence, Labor Law § 200 "codified the common-law duty imposed upon an owner or general contractor to provide construction site workmen with a safe place to work . . . An implicit precondition to this duty . . . is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]). Liability pursuant to Labor Law § 200 may be based either upon the manner in which the work is performed or actual or constructive notice of a dangerous condition inherent in the premises (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005]).

Owners established its entitlement to judgment as a matter of law by proof that it did not have authority to supervise or control the manner in which the work was performed; it merely consented to the renovation of the bathroom without learning

of the details of the renovation. Further, the alleged dangerous condition consisted only of the miter saw and its placement, and was not inherently part of the premises. In fact, the miter saw was brought to the site by Montello on the day of the accident and Owners thus had no notice of its presence on the site in any event. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, Owners was entitled to summary judgment dismissing the plaintiffs' causes of action sounding in violation of Labor Law § 200 and common-law negligence insofar as asserted against it (*see Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d at 683).

Rebar, on the other hand, failed to establish its prima facie entitlement to judgment as a matter of law since it failed to demonstrate that it did not have authority to supervise or control the manner in which the work was performed. Accordingly, the Supreme Court properly denied those branches Rebar's cross motion which were for summary judgment dismissing the causes of action sounding in violation of Labor Law § 200 and common-law negligence insofar as asserted against it.

Labor Law § 241 (6) applies to "[a]ll contractors and owners and their agents." That provision imposes a nondelegable duty on the owner and general contractor to conform to its requirements (*see Morris v Pavarini Constr.,* 9 NY3d 47, 50 [2007]; *Coleman v City of New York,* 91 NY2d 821 [1997]; *Russin v Louis N. Picciano & Son,* 54 NY2d at 318; *see also, Abbatiello v Lancaster Studio Assoc.,* 3 NY3d 46, 51 [2004]). The applicability of Labor Law § 241 (6) encompasses lessees who fulfill the role of owner by contracting to have work performed. Rebar is thus considered an "owner" within the meaning of Labor Law § 241 (6) since it hired Montello to perform the work (*see e.g. Kwang Ho Kim v D & W Shin Realty Corp.,* 47 AD3d 616 [2008]). However, titleholders are held liable together with lessees and/or other persons with interests in the property who contract to perform the work (*see Copertino v Ward,* 100 AD2d 565, 567 [1984]). Accordingly, Owners and Rebar are both liable for any violation of Labor Law § 241 (6). Further, the Supreme Court properly found that the defendants failed to establish their entitlement to judgment as a matter of law with respect to the alleged violation of 12 NYCRR 23-1.12 (c) (1) (*see Haider v Davis,* 35 AD3d 363, 364 [2006]; *Sainato v City of Albany,* 285 AD2d 708, 710 [2001]), and that there were triable issues of fact as to whether 12 NYCRR 23-1.8 (a) was violated (*see Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 643 [1991]). Therefore, neither defendant was entitled to summary judgment dismiss-

ing the cause of action alleging a violation of Labor Law § 241 (6).

It is clear from this record that Owners' liability, if any, is purely vicarious pursuant to Labor Law § 241 (6). Therefore, the Supreme Court should have granted that branch of Owners' motion which was for summary judgment dismissing Rebar's cross claim. However, Owners was not entitled to conditional summary judgment against Rebar and Montello for common-law indemnification and/or contribution on the ground that the relative culpability, if any, of Rebar and Montello has not been determined (*see Benedetto v Carrera Realty Corp.*, 32 AD3d 874 [1969]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d at 685).

The appellants' remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.