■ Baltazar Duarte et al., Appellants, v State of New York et al., Respondents. [869 NYS2d 602]—

The claimant Baltazar Duarte (hereinafter the claimant) was injured while working as an employee of a painting company which contracted to paint the Kosciusko Bridge (hereinafter the bridge) in New York City. The bridge is owned by the defendant State of New York and maintained by the defendant New York State Department of Transportation (hereinafter together the State defendants). The claimant sustained injuries while holding a pressurized painting hose which exploded, allegedly as a result of a crack in the hose. The claimant, and his wife, suing derivatively, commenced this lawsuit against the State defendants, asserting claims predicated upon violations of Labor Law §§ 200, 240 and § 241 (6). At the conclusion of the trial, the claimants withdrew their claims alleging violations of Labor Law §§ 240 and 241 (6). Thereafter, the court dismissed the remaining claims in the judgment appealed from.

The claimant's injury did not arise from a defective condition inherent on the bridge property, but rather, arose as a result of the allegedly defective "means" utilized by him to perform his work. Under such circumstances, "no liability will attach to the owner solely because [he or she] may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 612 [2003]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851 [2006]). As explained in this Court's recent opinion of *Ortega v Puccia* (57 AD3d 54, 61 [2008]): "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work." We agree with the Court of Claims that the evidence adduced at trial was insufficient to "demonstrate that the State [defendants] controlled the method and means of the work or exercised the requisite supervisory control over the operation for a finding of liability under Labor Law § 200." Accordingly, the court properly awarded judgment in favor of the State defendants. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.