■ FREDERICK JENKINS, Respondent, v WALTER REALTY, INC., et al., Appellants. [898 NYS2d 56]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 29, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Walter Realty, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Walter Realty, Inc., is granted.

The plaintiff, a worker at a plastics manufacturing company, allegedly injured his finger while operating a plastics shaper without using a properly placed safety guard. He commenced this action against, among others, Walter Realty, Inc. (hereinafter Walter Realty), the owner of the property in which the manufacturing plant was located. The complaint alleges that Walter Realty had notice of the fact that the shaper, which was owned by a third party and leased to the manufacturing company, was being used improperly on the premises. The complaint alleges causes of action sounding in common-law negligence and violations of Labor Law §§ 200 and 470.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Walter Realty. With respect to the common-law negligence and Labor Law § 200 causes of action, Walter Realty made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the plaintiff was injured, not by a dangerous condition, but by the methods or materials of his work, and that it did not have the authority to supervise or control the performance of his work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Rakowicz v Fashion Inst. of Tech.,* 56 AD3d 747, 748 [2008]; *Ortega v Puccia,* 57 AD3d 54, 61-62 [2008]; *cf. Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). With respect to the Labor Law § 470 claim, inasmuch as this ac-

tion does not involve a "[p]lace of public assembly," that provision is inapplicable (*see* Labor Law § 2 [12]). Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.