ANTHONY MCKEE et al., Appellants, v GREAT ATLANTIC & PACIFIC TEA COMPANY, Doing Business as WALDBAUMS, Respondent, and C. RAIMONDO & SONS CONSTRUCTION COMPANY, INC., Defendant/Third-Party Plaintiff-Respondent. AVON CONTRACTORS, Third-Party Defendant-Respondent. [905 NYS2d 601]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 24, 2009, as granted that branch of the cross motion of the defendant Great Atlantic & Pacific Tea Company, doing business as Waldbaums, which was for summary judgment dismissing the complaint insofar as asserted against it and, as, upon the denial of the cross motion of the defendant/third-party plaintiff, C. Raimondo & Sons Construction Company, Inc., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7), and the denial, in effect, of the motion of the third-party defendant, Avon Contractors, for summary judgment dismissing

the complaint, searched the record and awarded summary judgment dismissing the complaint insofar as asserted against the defendant C. Raimondo & Sons Construction Company, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendant Great Atlantic & Pacific Tea Company, doing business as Waldbaums, and the third-party defendant, Avon Contractors.

The plaintiff Anthony McKee (hereinafter McKee) was injured while working on a renovation and extension project at a Waldbaums store owned by the defendant Great Atlantic & Pacific Tea Company, doing business as Waldbaums (hereinafter Waldbaums). The defendant C. Raimondo & Sons Construction Company, Inc. (hereinafter Raimondo), was the general contractor on the project, and McKee's employer, the third-party defendant, Avon Contractors (hereinafter Avon), was one of the subcontractors. McKee was injured while he attempted to cut a metal stud with a masonry saw. Working outside the store, McKee placed the metal stud on the dirt ground and secured it with his foot. When the blade of the masonry saw came in contact with the metal stud, the stud kicked out from under him, causing him to fall, resulting in an injury to his lower back. McKee and his wife, suing derivatively, commenced this action against Waldbaums and Raimondo, alleging violations of Labor Law §§ 200 and 241 (6) and common-law negligence. In a third-party action, Raimondo sought contribution and indemnification against Avon. Avon moved for summary judgment dismissing the complaint, Waldbaums cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Raimondo cross-moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted Waldbaums's cross motion in its entirety, and denied Avon's motion and Raimondo's cross motion. Upon searching the record, however, the court awarded Raimondo summary judgment dismissing the complaint insofar as asserted against it, and awarded Avon summary judgment dismissing the third-party complaint.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). In this case, contrary to the plaintiffs' contention, McKee's injuries

arose from the manner in which the work was performed (*see Gomez v City of New York*, 56 AD3d 522, 523 [2008]; *Mas v Kohen*, 283 AD2d 616 [2001]), and not from any dangerous or defective condition on the premises. "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Gomez v City of New York*, 56 AD3d 522 [2008]; *Lazier v Strickland Ave. Corp.*, 50 AD3d 641 [2008]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62).

Here, Waldbaums demonstrated, prima facie, that it only had general supervisory authority, which was insufficient to impose liability for common-law negligence and under Labor Law § 200 (*see Ortega v Puccia*, 57 AD3d at 62; *Perri v Gilbert Johnson Enters., Ltd.*,14 AD3d 681, 683 [2005]; *Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of Waldbaums's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.

The specific issue of whether Raimondo had authority to supervise or control McKee's work was raised in Avon's motion for summary judgment dismissing the complaint (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *cf. Salazar v United Rentals, Inc.*, 41 AD3d 684, 685 [2007]). The evidence submitted by Raimondo, Avon, and Waldbaums was sufficient to demonstrate, prima facie, that the only party that had the authority to supervise or control McKee's work was Avon, and thus Raimondo had no such authority. The plaintiffs failed to raise a triable issue of fact in this regard. Thus, the Supreme Court properly searched the record and awarded Raimondo summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.

Waldbaums made a prima facie showing that the provisions of the Industrial Code allegedly violated were not applicable to the facts of this case, thus demonstrating that no violation of Labor Law § 241 (6) occurred (*see Natale v City of New York*, 33 AD3d 772, 774 [2006]). In opposition, the plaintiffs failed to raise a

triable issue of fact. Contrary to the plaintiffs' contention, the open, ground-level worksite where McKee fell did not constitute a passageway, walkway, or other elevated surface contemplated by 12 NYCRR 23-1.7 (d) and (e) (*see Porazzo v City of New York*, 39 AD3d 731 [2007]). Moreover, 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a), which require employers to provide equipment and power tools that are in good repair, have no application here, since there is no allegation that McKee was using a tool that was defective or in need of repair. Accordingly, the Supreme Court properly granted that branch of Waldbaums's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, and, with the issue of the applicability of the above-mentioned Industrial Code provisions squarely before it, properly searched the record and awarded Raimondo summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it. Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.