■ MARK TRANE, Respondent, v JAMES R. HASTEE, Appellant, and MIRIS CASH AND CARRY, INC., Respondent. [908 NYS2d 795]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 16, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant James R. Hastee for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant James R. Hastee is granted in its entirety and the complaint against that defendant is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he lifted a bundle of shingles from a conveyor belt that was delivering shingles to the roof of a house owned by James R. Hastee (defendant). Defendant purchased the shingles from defendant Miris Cash and Carry, Inc. (Miris), and he also entered into a contract with Miris for rooftop delivery. Defendant contends that Supreme Court erred in denying those parts of his motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against him because plaintiff volunteered to help defendant and his son reroof defendant's house. We reject that contention. Defend-

ant's own submissions in support of the motion included the deposition testimony of plaintiff in which he stated that he understood he would receive "pocket change" for his help. We thus conclude that defendant failed to establish that plaintiff was a volunteer worker as a matter of law (*see generally Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109 [1991]; *Luthringer v Luthringer*, 59 AD3d 1028, 1029 [2009]; *McNulty v Executive Kitchens*, 294 AD2d 411, 412 [2002]).

We nevertheless conclude that defendant established his entitlement to judgment as a matter of law with respect to the Labor Law § 200 and common-law negligence causes of action against him. Plaintiff alleged that his injuries resulted both from a dangerous condition on the premises, i.e., the position of the conveyor belt on the roof, and from the manner in which the work was performed. With respect to the allegedly dangerous condition, defendant established that he was not involved in the placement of the conveyor belt or the metal stabilizing leg on the roof of the house and that he did not instruct the driver of the Miris truck where to park the truck or how to load the shingles onto the conveyor belt. Defendant also established that he never instructed plaintiff how to unload the shingles from the conveyor belt or how to handle them thereafter and that he left the delivery of the shingles to the rooftop to the driver, plaintiff and his son because it "seemed like they [knew] what they were doing." Thus, defendant met his initial burden of establishing that he did not create the allegedly dangerous condition and that he had neither control over the work site nor actual or constructive notice of the allegedly dangerous condition (*see Astarita v Flintlock Constr. Servs., LLC*, 69 AD3d 888 [2010]; *Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701 [2010]; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]). Plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to the manner in which the work was performed, defendant established that he did not supervise any of plaintiff's work, including the unloading of the shingles off of the conveyor belt (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Jenkins v Walter Realty, Inc.*, 71 AD3d 954 [2010]), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562). The fact that defendant, as the homeowner, generally oversaw the reroofing project and was responsible for purchasing materials and scheduling their delivery did not constitute the requisite degree of direct supervi-

sion over the manner of plaintiff's work (*see generally McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 874 [2010]; *Feris v Port Auth. of N.Y. & N.J.*, 40 AD3d 276 [2007]; *Riley v Stickl Constr. Co.*, 242 AD2d 936 [1997]). We therefore reverse the order insofar as appealed from, grant defendant's motion in its entirety and dismiss the complaint against defendant. In view of our determination, we do not consider defendant's remaining contentions. Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.