■ JASON PILATO, Respondent, v 866 U.N. PLAZA ASSOCIATES, LLC, et al., Appellants, et al., Defendant. [909 NYS2d 80]—

In an action to recover damages for personal injuries, the defendants 866 U.N. Plaza Associates, LLC, and Vornado Office Management, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated July 27, 2009, as denied those branches of their cross motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them or, in the alternative, for summary judgment on their cross claim against the defendant Fross Zelnick Lehrman & Zissu, P.C., and the defendant Fross Zelnick Lehrman & Zissu, P.C., separately appeals from so much of the same order as denied those branches of its separate cross motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants 866 U.N. Plaza Associates, LLC, and Vornado Office Management, LLC, and the defendant Fross Zelnick Lehrman & Zissu, P.C., appearing separately and filing separate briefs, payable by the plaintiff, those branches of the cross motion of the defendants 866 U.N. Plaza Associates, LLC, and Vornado Office Management, LLC, and the separate cross motion of the defendant Fross Zelnick Lehrman & Zissu, P.C., which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them are granted,

and that branch of the cross motion of the defendants 866 U.N. Plaza Associates, LLC, and Vornado Office Management, LLC, which was for summary judgment on their cross claim against the defendant Fross Zelnick Lehrman & Zissu, P.C., is denied as academic.

The plaintiff was employed as a lighting maintenance worker by BMSC Maintenance, which is not a party to this action. As part of his duties, he serviced lights in a building owned by the defendant 866 U.N. Plaza Associates, LLC (hereinafter the owner), and managed by the defendant Vornado Office Management, LLC (hereinafter the managing agent). On October 7, 2004, one of the building's tenants, the defendant Fross Zelnick Lehrman & Zissu, P.C. (hereinafter the tenant), contacted the managing agent and requested the plaintiff's services because an overhead light had ceased functioning.

When the plaintiff arrived on the tenant's floor, one of the tenant's employees showed him the location of the light that had gone out. The plaintiff proceeded to change the light bulb, and when that did not remedy the problem, he decided to replace the ballast. Although the plaintiff later stated that he knew that he was working with "live" wires and that it would be safer to turn off the power, he did not ask to have the power shut off. During the course of changing the ballast, he received an electrical shock.

The Supreme Court concluded that the owner, the managing agent, and the tenant established, as a matter of law, that they did not exercise supervision and control over the plaintiff's work, and that their evidence was uncontroverted. Nevertheless, the Supreme Court denied summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, on the ground that they had "notice of the condition which caused the plaintiff's injuries, to wit, the flow of electrical current to the light bulb and ballast that the plaintiff was in the process of changing when he was injured."

A cause of action sounding in violation of Labor Law § 200 or common-law negligence may arise from either dangerous or defective premises conditions at a work site or the manner in which the work is performed (*see Ortega v Puccia,* 57 AD3d 54, 61 [2008]). Contrary to the conclusion of the Supreme Court, the plaintiff's injury "did not arise from a defective condition inherent on the . . . property, but rather, arose as a result of the allegedly defective 'means' utilized by him to perform his work" (*Duarte v State of New York,* 57 AD3d 715, 716 [2008]; *see McKee v Great Atl. & Pac. Tea Co.,* 73 AD3d 872 [2010]; *Jenkins v Walter Realty, Inc.,* 71 AD3d 954, 954 [2010]; *Radoncic*

*v Independence Garden Owners Corp.*, 67 AD3d 981, 982 [2009]; *Gomez v City of New York*, 56 AD3d 522, 523-524 [2008]). The fact that electricity was flowing into the light fixture was not a defective condition, nor was it dangerous until the plaintiff decided to change the ballast without turning off the current.

Where, as here, "a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery . . . cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Radoncic v Independence Garden Owners Corp.*, 67 AD3d 981, 982 [2009]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62).

However, "no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 612 [2003]; *see Ortega v Puccia*, 57 AD3d at 61). Moreover, "[a]lthough property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (*Ortega v Puccia*, 57 AD3d at 62; *see Natale v City of New York*, 33 AD3d 772, 773 [2006]).

Here, the owner, the managing agent, and the tenant satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that they did not have the authority to supervise or control the performance of the plaintiff's work (*see Jenkins v Walter Realty, Inc.*, 71 AD3d 954, 954 [2010]; *Fiallos v Vin's Crown Realty Assoc.*, 70 AD3d 630 [2010]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 620 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted those branches of the cross motion of the owner and the managing agent, and the separate cross motion of the tenant, which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them (*see Lombardi v Stout*, 80 NY2d 290, 294 [1992]), and should have denied as academic that branch of the cross motion of the owner and the managing agent which was for summary judgment on their cross claim against the tenant. Mastro, J.P., Chambers, Roman and Sgroi, JJ., concur.