■ THOMAS CODY, Appellant, v STATE OF NEW YORK, Respondent. [919 NYS2d 55]—

The claimant allegedly was injured while working as a carpenter at a construction project on a bridge owned by the State of New York. After assisting in the installation of wooden forms that were to serve as frames for concrete which was to be poured, the claimant descended a ladder and, upon alighting from the bottom rung, stepped on a two-by-four piece of lumber, causing him to twist his leg. The claimant commenced this claim against the State, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6).

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]).

Contrary to the claimant's contention, the injuries in this case arose from the manner in which the work was performed (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123 [2010]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 873-874 [2010]), and not from a dangerous or defective premises condition (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]; *see also Aragona v State of New York*, 74 AD3d 1260, 1260 [2010] [accident arose from allegedly dangerous condition on work site where claimant "tripped on a padeye," a permanent fixture "which was welded to the deck of a work barge"]). Although an accumulation of debris on property where construction is being performed may, in some cases, constitute a defective premises condition, requiring an inquiry into whether the property owner created the condition or had notice of it (*see e.g. Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009] [plaintiff "allegedly slipped on debris while walking down a staircase from the work site on the fourth floor to a lower level"]), the piece of lumber that caused the claimant's injuries was one of the materials being used by the claimant's coworkers, and came to be situated at the foot of the ladder as a result of, and during

the course of, the ongoing work at the construction site (*see Gomez v City of New York*, 56 AD3d 522, 523 [2008]; *Mas v Kohen*, 283 AD2d 616 [2001]).

This case is distinguishable from *Slikas v Cyclone Realty, LLC* (78 AD3d 144 [2010]), where the plaintiff allegedly was injured when she tripped over a crowbar that had been left on the floor at her workplace by employees of a painting contractor hired by the property owner. This Court held that the owner was not entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, since the owner had presented no evidence as to how long the mislaid crowbar had been present prior to the plaintiff's accident, and thus had failed to make a prima facie showing that it lacked constructive notice of the alleged hazardous condition. In concluding that the crowbar constituted a dangerous premises condition, this Court explained: "The mislaid crowbar was not, at the time of the accident, being used by the painters . . . The plaintiff's accident occurred at a time of day when the painters had already ceased their work and were no longer using their tools, including the crowbar at issue. Therefore, the crowbar was not part of the painters' work at the time of the accident, but was a mere consequence of it after the day's work had been completed" (*id.* at 148). Thus, the *Slikas* case would have fallen into the "means and methods of the work" category if the object on which the plaintiff stumbled had been a product of ongoing construction work, which is precisely the situation presented in the instant case.

Thus, in this case, "the alleged defect or dangerous condition [arose] from the contractor's methods" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see Lombardi v Stout*, 80 NY2d 290, 295 [1992]), and "no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD3d 611, 612 [2003]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877). Rather, in such a case, the defendant can be held liable under Labor Law § 200 and the common law only if it had "the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Lombardi v Stout*, 80 NY2d at 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62).

The record supports the trial court's determination that the defendant had no supervisory authority over the claimant or the work being performed at the time of his accident. Accordingly, the trial court properly dismissed the claim alleging common-law negligence and a violation of Labor Law § 200.

There is no merit to the claimant's contention that the trial court erred in dismissing his Labor Law § 241 (6) claims based on 12 NYCRR 23-1.7 (e) (1), (2); 23-2.1 (a) (1) and 23-2.2 (b) and (d).

12 NYCRR 23-1.7 (e) (1), which requires owners and general contractors, inter alia, to keep all passageways free of debris which could cause tripping, is inapplicable because the accident site was not a passageway but an open work area (see Castillo v Starrett City, 4 AD3d 320, 322 [2004]). 12 NYCRR 23-1.7 (e) (2), which requires owners and general contractors to keep "[t]he parts of floors, platforms and similar areas where persons work . . . free from accumulations of dirt and debris . . . insofar as may be consistent with the work being performed," is inapplicable because the material over which the claimant alleges he tripped was integral to the work being performed (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806 [2006]; Smith v New York City Hous. Auth., 71 AD3d 985, 987 [2010]). 12 NYCRR 23-2.1 (a) (1), which requires owners and general contractors to store "[a]ll building materials . . . in a safe and orderly manner" so they "do not obstruct any passageway, walkway, stairway or other thoroughfare," is inapplicable because the material that caused the claimant to fall was not being stored but was in use, and the area where the accident occurred was not a "passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1 [a] [1]; see Castillo v Starrett City, 4 AD3d at 321).

12 NYCRR 23-2.2 (b), which requires owners and general contractors to "continuously inspect the stability of all forms, shores and reshores including all braces and other supports during the placing of concrete" and to remedy "[a]ny unsafe condition . . . immediately," is inapplicable, as the claimant's injuries were not caused by an unstable form, shore, or brace during the placing of concrete (see Gielow v Coplon Home, 251 AD2d 970, 972 [1998]). 12 NYCRR 23-2.2 (d), which requires, inter alia, that "[a]fter stripping, forms shall be promptly stockpiled or removed from areas in which persons are required to work or pass," also is inapplicable, as the claimant failed to establish that the material which caused the accident came from stripping. Instead, he testified that he did not know how the piece of lumber which caused the accident came to be situated beneath the ladder from which he stepped.

The claimant's remaining contentions are without merit. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.