■ RANDY SCHWIND, Respondent, v MEL LANY CONSTRUCTION MANAGEMENT CORP. et al., Defendants, and CHARLENE KHAGHAN, Appellant. [945 NYS2d 151]—

In an action to recover damages for personal injuries, the de-

fendant Charlene Khaghan appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated December 13, 2010, as denied that branch of her motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Charlene Khaghan which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against her is granted.

The plaintiff allegedly was injured while working at a construction project at a residence owned by the defendant Charlene Khaghan (hereinafter the appellant). The plaintiff, an electrician, testified at his deposition that a new staircase had been installed at the premises during the course of the construction project. The stairs and landing were then covered with masonite by employees of the defendant Mel Lany Construction Management Corp. (hereinafter Mel Lany), the general contractor on the project, to protect the finished wood on the new stairs from damage. The plaintiff testified at his deposition that the masonite was taped down to each step, but was not taped to the landing. One day after the masonite was placed on the landing, the plaintiff fell as he was attempting to ascend the stairs, when his foot became caught on the untaped masonite covering the landing. Thereafter, the plaintiff commenced this action against, among others, Mel Lany and the appellant to recover damages for personal injuries allegedly sustained as a result of his fall. In the order appealed from, the Supreme Court, inter alia, denied that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against her. We reverse the order insofar as appealed from.

"Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Cody v State of New York*, 82 AD3d 925, 926 [2011]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "An owner's duty to provide a safe workplace 'does not extend to injuries arising from a defect in the contractor's own . . . methods or through the negligent acts of the contractor occurring as a detail of the work' " (*Kelly v Bruno & Son*, 190 AD2d 777, 778 [1993], quoting *Rimoldi v Schanzer*, 147 AD2d 541, 546 [1989]; *see Persichilli v Triborough Bridge & Tunnel Auth.*, 16 NY2d 136, 145 [1965]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 701-702 [2008]; *Ortega v Puccia*, 57 AD3d

54, 62 [2008]). "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Cody v State of New York*, 82 AD3d at 927). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62).

Here, the plaintiff's alleged injuries arose from the manner in which the work was performed. The masonite that allegedly caused the plaintiff's accident was installed by employees of Mel Lany "as a result of, and during the course of, the ongoing work at the construction site" (*Cody v State of New York*, 82 AD3d at 926-927; *see Gomez v City of New York*, 56 AD3d 522, 523 [2008]; *cf. Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 148-149 [2010]). The appellant made a prima facie showing of her entitlement to judgment as a matter of law dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against her by demonstrating that she did not have the authority to exercise the degree of direction and control necessary to impose liability under Labor Law § 200 (*see Gomez v City of New York*, 56 AD3d at 523; *Cambizaca v New York City Tr. Auth.*, 57 AD3d at 702). In opposition to the appellant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 insofar as asserted against her. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.