■ ALEXANDER MESSINA III, Appellant, v CITY OF NEW YORK et al., Respondents. [46 NYS3d 174]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered September 17, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 200.

Ordered that the appeal from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 200 insofar as asserted against the defendants City of New York, New York City Department of Education, and New York City School Construction Authority is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs.

The plaintiff, a mason tender, allegedly sustained personal injuries while cutting cinder blocks when the wet saw he was using, which was supplied by his employer, jammed and cut his hand. The plaintiff was employed by nonparty D'Aprile, Inc., a subcontractor hired by the defendant Citnalta Construction Corp. (hereinafter Citnalta), to perform masonry work on a construction project at premises allegedly owned and operated by the defendants City of New York, New York City Department of Education, and New York City School Construction Authority. The plaintiff commenced this action alleging, inter alia, violations of Labor Law § 200.

As a threshold matter, the appeal from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 200 insofar as asserted against the defendants City of New York, New York City Department of Education, and New York City School Construction Authority must be dismissed. The plaintiff did not oppose that branch of the motion and, therefore, is not aggrieved by that portion of the order (see CPLR 5511; Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist., 83 AD3d 683, 684 [2011]).

"Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Cody v State of New York*, 82 AD3d 925, 926 [2011]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 873 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]; *Markey v C.F.M.M. Owners Corp.*, 51 AD3d 734, 736 [2008]). Underlying both standards is the authority of the defendant to rectify any dangerous or defective condition existing on the premises or to remedy any unsafe method or manner of work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Chowdhury v Rodriguez*, 57 AD3d at 129-130; *Markey v C.F.M.M. Owners Corp.*, 51 AD3d at 736).

When the methods or materials of the work are at issue, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 646 [2010]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874; *Haider v Davis*, 35 AD3d 363, 364 [2006]). General supervisory authority at a work site, the right to stop a contractor's work if a safety violation is observed, or the authority to ensure compliance with safety regulations or the terms of a contract is insufficient to impose liability under Labor Law § 200 (*see Opalinski v City of New York*, 110 AD3d 694, 695-696 [2013]; *Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 676 [2013]; *Ortega v Puccia*, 57 AD3d at 62). Rather, the defendant must have had the "responsibility for the manner in which the [plaintiff's] work is performed" (*Ortega v Puccia*, 57 AD3d at 62; *see Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d at 646; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874).

Here, Citnalta established its prima facie entitlement to judgment as a matter of law by demonstrating that the subject accident was caused by the means and methods of the plaintiff's work, that the plaintiff's work was directed and controlled by his employer, and that it had no authority to exercise supervisory control over his work (*see Opalinski v City of New York*, 110 AD3d at 695; *Koat v Consolidated Edison of N.Y., Inc.*, 98 AD3d 474, 475-476 [2012]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 873; *Ortega v Puccia*, 57 AD3d at 62; *Markey v*

*C.F.M.M. Owners Corp.*, 51 AD3d at 737; *Haider v Davis*, 35 AD3d at 364). The plaintiff's evidence of Citnalta's general supervision of the project and overall compliance with safety standards was insufficient to raise a triable issue of fact in opposition (*see Opalinski v City of New York*, 110 AD3d at 695; *Koat v Consolidated Edison of N.Y., Inc.*, 98 AD3d at 475-476; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d at 646; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d at 874; *Ortega v Puccia*, 57 AD3d at 63; *Markey v C.F.M.M. Owners Corp.*, 51 AD3d at 736-737). Further, contrary to the plaintiff's contention, he failed to raise a triable issue of fact as to whether his injuries arose from a dangerous or defective premises condition (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Cody v State of New York*, 82 AD3d at 926; *Ortega v Puccia*, 57 AD3d at 62). Chambers, J.P., Roman, Miller and Barros, JJ., concur.