■ Konstantin Tserpelis, Appellant, v Tamares Real Estate Holdings, Inc., et al., Respondents. (And a Third-Party Action.) [47 NYS3d 131]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Siegal, J.), entered May 8, 2014, as, upon an order of the same court entered March 5, 2014, inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), is in favor of the defendants and against him dismissing that cause of action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while performing work on the air conditioning system in a building owned by the defendants Tamares Real Estate Holdings, Inc., and Zapco 1500 Investment, L.P., and managed by the defendant CB Richard Ellis, Inc. He allegedly fell while climbing over an "I-beam" that was used to support the air conditioning system. He commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240 (1).

The defendants established, prima facie, that they were entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) by showing that the plaintiff's work did not constitute erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure within the meaning of Labor Law § 240 (1) (*see* Labor Law § 240 [1]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). The defendants established that the work constituted merely routine maintenance of the air conditioning system (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *Sobenis v Harridge House Assoc. of 1984*, 111 AD3d 917, 917-918 [2013]; *Azad v 270 5th Realty Corp.*, 46 AD3d 728, 730 [2007]; *Goad v Southern Elec. Intl.*, 263 AD2d 654, 655-656 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.