■ Louis Kearney, Appellant, v Dynegy, Inc., et al., Defendants/Third-Party Plaintiffs-Respondents. F.T. Silfies, Inc., Third-Party Defendant-Respondent. (Action No. 1.) Louis Kearney, Appellant, v F.T. Silfies, Inc., Respondent. (Action No. 2.)
[57 NYS3d 520]—

In two related actions to recover damages for personal injuries, the plaintiff in Action Nos. 1 and 2 appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated July 22, 2014, as granted those branches of the separate motions of Dynegy, Inc., Dynegy Danskammer, LLC, Dynegy Roseton, LLC, and Dynegy Northeast Generation, Inc., the defendants third-party plaintiffs in Action No. 1, and F.T. Silfies, Inc., the third-party defendant in Action No. 1 and the defendant in Action No. 2, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1) and common-law negligence asserted against each of them in Action Nos. 1 and 2.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff fell while working at an electric power plant owned by Dynegy Danskammer, LLC (hereinafter Dynegy Danskammer). The plaintiff's employer, nonparty Pozament Corporation, had been hired as an independent contractor to remove fly ash, a waste by-product of coal combustion, from the plant. Fly ash was collected in two storage silos that were emptied daily and hauled by trucks to landfills. The plaintiff was descending a ladder affixed to the side of a tanker-trailer owned by F.T. Silfies, Inc. (hereinafter Silfies), that was being prepared to remove a load of fly ash when he slipped off the ladder. The plaintiff attributes his fall, in part, to the design of the hand railings on the ladder affixed to the tanker-trailer owned by Silfies. He also attributes his fall to the failure of Dynegy Danskammer to install a type of safety device known as a "SafeRack system," which would have allowed workers to open the hatches on top of the tanker-trailer without using the affixed ladder.

The plaintiff commenced an action to recover damages for personal injuries (Action No. 1) against Dynegy Danskammer and other Dynegy entities (hereinafter collectively the Dynegy defendants), alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. The Dynegy defendants, in turn, commenced a third-party action against Silfies. The plaintiff subsequently commenced a direct action (Action No. 2) against Silfies. Silfies moved, inter alia, for summary judgment dismissing the complaint in Action No. 2, and the Dynegy defendants separately moved for summary judgment dismissing the complaint in Action No. 1. The Supreme Court,

inter alia, granted those branches of the separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1) and common-law negligence in Action Nos. 1 and 2.

"Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2008]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 61; *see Messina v City of New York*, 147 AD3d 748, 749 [2017]).

Here, the plaintiff alleges that his accident was caused by the defective design of the ladder affixed to the tanker-trailer owned by Silfies, and by the failure of Dynegy Danskammer to install a particular safety device. Thus, the accident "did not arise from a defective condition inherent on the . . . property," but rather from alleged defects in the methods or materials utilized by the plaintiff to perform his work (*Duarte v State of New York*, 57 AD3d 715, 716 [2008]; *see Messina v City of New York*, 147 AD3d at 749; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872, 873-874 [2010]; *Jenkins v Walter Realty, Inc.*, 71 AD3d 954, 954 [2010]). "When the methods or materials of the work are at issue, 'recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work' " (*Messina v City of New York*, 147 AD3d at 749, quoting *Ortega v Puccia*, 57 AD3d at 61; *see Rodriguez v Trades Constr. Servs. Corp.*, 121 AD3d 962, 964-965 [2014]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 646 [2010]). A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed (*see Ortega v Puccia*, 57 AD3d at 62).

Here, the Dynegy defendants and Silfies each established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence asserted against each of them by demonstrating that they did not have the authority to supervise or control the performance of the plaintiff's work (*see Thomas v Benton*, 112 AD3d 812, 812-813 [2013]; *Martinez v City of New York*, 73 AD3d 993, 998 [2010]; *Ortega v Puccia*, 57 AD3d at 62; *Natale v City of New York*, 33 AD3d 772, 773

[2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted those branches of the separate motions which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence in Action Nos. 1 and 2.

The Supreme Court also properly granted those branches of the separate motions which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 240 (1) in Action Nos. 1 and 2. The Dynegy defendants and Silfies each established, prima facie, that they were entitled to judgment as a matter of law dismissing the Labor Law § 240 (1) causes of action asserted against each of them by showing that the plaintiff's work did not constitute erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure within the meaning of Labor Law § 240 (1) (*see* Labor Law § 240 [1]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Tserpelis v Tamares Real Estate Holdings, Inc.*, 147 AD3d 1001, 1002 [2017]). The Dynegy defendants and Silfies each established, prima facie, that the work constituted merely routine maintenance of the storage silos (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *Sobenis v Harridge House Assoc. of 1984*, 111 AD3d 917 [2013]; *Wicks v Trigen-Syracuse Energy Corp.*, 64 AD3d 75, 78-79 [2009]; *Azad v 270 5th Realty Corp.*, 46 AD3d 728, 730 [2007]). Moreover, Silfies established, prima facie, that it was not an owner, general contractor, or statutory agent under Labor Law § 240 (1) (*see Bennett v Hucke*, 131 AD3d 993, 995 [2015], *affd* 28 NY3d 964 [2016]; *Fucci v Douglas S. Plotke, Jr., Inc.*, 124 AD3d 835, 836 [2015]; *Caiazzo v Mark Joseph Contr., Inc.*, 119 AD3d 718, 720 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.