Gargan v Palatella Saros Bldrs. Group, Inc. (2018 NY Slip Op 04701)





Gargan v Palatella Saros Bldrs. Group, Inc.


2018 NY Slip Op 04701


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-08781
 (Index No. 602876/13)

[*1]John Gargan, et al., appellants, 
v
Palatella Saros Builders Group, Inc., respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for appellants.
Carroll McNulty & Kull LLC, New York, NY (Frank J. Wenick and Rita S. Menchel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered September 8, 2015. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
In July 2010, the defendant entered into a contract to build a two-story home in Cold Spring Harbor. Peter Saros, the vice president of the defendant, testified at a deposition that nonparty Kleet Lumber (hereinafter Kleet) provided the defendant with construction materials, including lumber, trim material, and roofing material. The defendant did not always have someone on hand to accept a delivery of materials from Kleet, and Kleet would simply drop off the materials at the construction site. Saros testified that Kleet would deliver materials on pallets, and would usually pick up the empty pallets from the same location to which they had been delivered. He testified that, to his knowledge, no one other than Kleet employees ever moved the empty pallets.
On November 30, 2010, the plaintiff John Gargan (hereinafter the injured plaintiff), a Kleet employee, was delivering three or four bundles of molding and trim material to the construction site. He testified at a deposition that he intended to deliver the materials to the garage, but the path was blocked by a half-full dumpster and a stack of empty pallets. He testified that each empty pallet was 18 feet long, 4 feet wide, and 6 inches high, and he decided to move the pallets by flipping them. According to the injured plaintiff, he successfully flipped the first pallet. As he was [*2]flipping the second pallet, he lost his footing and the pallet started to fall back toward him. He extended his left arm to stop the falling pallet and felt a "pop" in his arm when the pallet made contact with his hand. Following the accident, he completed the delivery by carrying the bundles in his right arm and placing them on the floor in the garage, without moving the remaining empty pallets.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries and loss of services. The amended complaint asserted causes of action alleging violations of Labor Law §§ 200 and 241(6), and common-law negligence. The defendant moved for summary judgment dismissing the amended complaint, submitting in support the deposition testimony of the injured plaintiff and Saros. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.
We agree with the Supreme Court's determination to grant those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. "Labor Law § 200 is a codification of the common-law duty to exercise due care in providing a safe place to work" (Torres v City of New York, 127 AD3d 1163, 1165). "Where a claim is based on an alleged dangerous condition on the premises, an owner or contractor is liable where it created the dangerous condition or had actual or constructive notice of its existence" (Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1025). Here, contrary to the plaintiffs' contention, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that the injured plaintiff's alleged injury did not result from a physical defect at the construction site, and that the injury resulted solely from the manner in which the injured plaintiff chose to deliver the bundles of molding and trim material (see Stamatatos v Stamatatos, 95 AD3d 1297; McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872, 873). The plaintiffs failed to raise a triable issue of fact in opposition. Moreover, the plaintiffs do not argue that the defendant had the authority to supervise or control the injured plaintiff's work (see generally Ortega v Puccia, 57 AD3d 54, 61).
We also agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). "Labor Law § 241(6) imposes a nondelegable duty on owners, contractors, and their agents to provide a safe workplace to workers, and applies to all areas in which construction, excavation or demolition work is being performed. Pursuant to that duty, owners, contractors, and their agents must comply with those provisions of the Industrial Code that set forth specific requirements or standards" (Torres v City of New York, 127 AD3d at 1166 [internal quotation marks omitted]). Here, the evidence submitted by the defendant established, prima facie, that the area where the injured plaintiff allegedly was injured did not constitute a "passageway" within the meaning of 12 NYCRR 23-1.7(e)(1), and that there was no evidence of any tripping or slipping hazards within the meaning of 12 NYCRR 23-1.7(d) and (e) (see Crousett v Chen, 102 AD3d 448; McKee v Great Atl. & Pac. Tea Co., 73 AD3d at 873; cf. Aragona v State of New York, 147 AD3d 808, 809; Lois v Flintock Constr. Servs., LLC, 137 AD3d 446, 446-447). The evidence submitted by the defendant also established that 12 NYCRR 23-2.1(a)(1) is not applicable under the circumstances of this case (see Guallpa v Leon D. Dematteis Constr. Corp., 121 AD3d 416, 417). The plaintiffs failed to raise a triable issue of fact in opposition.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the amended complaint.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court