■ DAISY LEACH et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL AT FOREST HILLS et al., Respondents. [787 NYS2d 65]—

In an action to recover damages for medical malpractice, wrongful death, and conscious pain and suffering, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated December 11, 2003, as denied that branch of their motion which was for leave to serve an amended bill of particulars dated July 18, 2003. The appeal brings up for review so much of an order of the same court dated March 29, 2004, as, in effect, upon reargument, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the appeal from the order dated December 11, 2003, is dismissed, as that order was superseded by so much of the order dated March 29, 2004, as was, in effect, made upon reargument; and it is further,

Ordered that the order dated March 29, 2004, is modified, on the law, by deleting the provision thereof which, in effect, upon granting reargument, adhered to so much of the original determination in the order dated December 11, 2003, as denied that branch of the plaintiffs' motion which was for leave to serve an amended bill of particulars and substituting therefor provisions denying that branch of the motion as unnecessary and deeming the amended bill of particulars dated July 18, 2003 served and filed; as so modified, the order dated March 29, 2004, is affirmed insofar as reviewed, with one bill of costs payable to the plaintiffs by the respondents appearing separately and filing separate briefs.

Although the plaintiffs filed a note of issue in July 2001 prior to the completion of discovery, the defendants' motions to strike the note of issue pursuant to 22 NYCRR 202.21 (e) were thereafter granted and the plaintiffs did not serve and file a new note of issue until January 7, 2004, pursuant to a provision contained in the order dated December 11, 2003, which directed them to do so on or before January 30, 2004. Under these circumstances, that branch of the plaintiffs' motion which was for leave to serve an amended bill of particulars dated July 18, 2003, should have been denied as unnecessary pursuant to CPLR 3042 (b) which permits a party to "amend the bill of particulars once as of course prior to the filing of a note of issue" (see Reitman v St. Francis Hosp., 2 AD3d 429 [2003]).

The respondents' remaining contentions are without merit. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.