Ryskin v Corniel (2020 NY Slip Op 01658)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Ryskin v Corniel

2020 NY Slip Op 01658

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01942
(Index No. 701237/12)

[*1]Lev Ryskin, appellant,
vJudy A. Corniel, respondent.

Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for appellant.
Simon Lesser P.C., New York, NY (Leonard F. Lesser and Joshua I. Gornitsky of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered January 17, 2017. The order denied the plaintiff's motion to restore the action to the active calendar and to extend the time to file a note of issue, and granted the defendant's cross motion to strike the plaintiff's amended bill of particulars.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was to restore the action to the active calendar, and substituting therefor a provision denying that branch of the motion as unnecessary, (2) deleting the provision thereof denying that branch of the plaintiff's motion which was to extend the time to file a note of issue, and substituting therefor a provision granting that branch of the motion and extending the plaintiff's time to complete outstanding discovery and file a note of issue until 30 days after service upon him of a copy of this decision and order, and (3) deleting the provision thereof granting the defendant's cross motion to strike the plaintiff's amended bill of particulars, and substituting therefor a provision denying the defendant's cross motion; as so modified, the order is affirmed, without costs or disbursments.
In November 2011, the plaintiff allegedly was injured in a motor vehicle accident involving the defendant. In June 2012, the plaintiff, represented by attorney Daniel Berke, commenced this action against the defendant to recover damages for personal injuries. On January 24, 2014, the plaintiff filed a note of issue.
By order dated April 15, 2014, the Supreme Court granted the defendant's motion to vacate the note of issue on the ground that discovery was not complete. The court directed the plaintiff to complete discovery and file a note of issue no later than October 24, 2014. The plaintiff failed to file a note of issue by the October 24, 2014, deadline, and the action was marked "disposed" as of April 15, 2014.
On November 11, 2014, the parties executed a stipulation that provided, inter alia, that discovery was complete except for a deposition and medical examination of the plaintiff and that the plaintiff's time to file a note of issue would be extended until January 23, 2015. The stipulation was signed by Berke on the plaintiff's behalf. The plaintiff failed to file a note of issue by the January 23, 2015, deadline.
On May 27, 2016, the plaintiff, by his attorney Alexander Karasik, moved to restore the action to the active calendar and to extend the plaintiff's time to file a note of issue. The plaintiff also filed an amended bill of particulars. The defendant opposed the motion and cross-moved to strike the amended bill of particulars. In an order entered January 17, 2017, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
The Supreme Court should have denied, as unnecessary, that branch of the plaintiff's motion which was to restore the action to the active calendar (see Leach v North Shore Univ. Hosp. at Forest Hills, 13 AD3d 415, 416; Neidereger v Hidden Park Apts., 306 AD2d 392). Since the note of issue the plaintiff filed in January 2014 was vacated, thereafter, the action was restored to the pre-note of issue discovery stage (see Leach v North Shore Univ. Hosp. at Forest Hills, 13 AD3d at 416). Because no note of issue had been filed, the action was not on the trial calendar. Therefore, the court's action of marking the action "disposed" as of April 15, 2014, after the plaintiff failed to file and serve a note of issue by the court-ordered deadline, did not dismiss the action (see Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 21). For the same reason, contrary to the defendant's contention, CPLR 3404 was inapplicable (see Bar-El v Key Food Stores Co., Inc., 11 AD3d 420, 421). As "this action was never properly dismissed, there was no need for a motion to restore" (Arroyo v Board of Educ. of City of N.Y., 110 AD3d at 21).
The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to extend his time to file a note of issue. CPLR 2004 allows a court to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown." Here, the plaintiff established good cause for his delay in completing discovery and filing a note of issue based on law office failure, among other things (see CPLR 2004; see generally Tewari v Tsoutsouras, 75 NY2d 1, 12-13; Oliver v Town of Hempstead, 68 AD3d 1079; Storchevoy v Blinderman, 303 AD2d 672). Accordingly, we grant that branch of
the plaintiff's motion, and the plaintiff's time to complete outstanding discovery and file a note of issue is extended until 30 days after service upon him of a copy of this decision and order.
We disagree with the Supreme Court's determination to grant the defendant's cross motion to strike the plaintiff's amended bill of particulars. The stipulation dated November 11, 2014, provided, inter alia, that discovery was complete except for the plaintiff's deposition and medical examination and that the plaintiff would file the note of issue by January 23, 2015. However, although the plaintiff failed to file the note of issue by this date, the defendant subsequently participated in the deposition and medical examination of the plaintiff. While we do not condone the parties' entry into a stipulation regarding the scheduling of discovery and filing deadlines without court approval, in view of the fact that the parties proceeded with discovery beyond the agreed deadling, the court should have denied the defendant's cross motion to strike the plaintiff's amended bill of particulars.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court