Buffardi v BJ's Wholesale Club, Inc. (2021 NY Slip Op 01023)





Buffardi v BJ's Wholesale Club, Inc.


2021 NY Slip Op 01023


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-05910
 (Index No. 62808/14)

[*1]Steven Buffardi, plaintiff, 
v
BJ's Wholesale Club, Inc., et al., appellants, Big Al's Landscaping, Inc., respondent.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and J. Daniel Velez of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants BJ's Wholesale Club, Inc., and Daniel Land Co., LLC, appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated April 17, 2018. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment on their cross claim against the defendant Big Al's Landscaping, Inc., for contractual and common-law indemnification, and granted that branch of the motion of the defendant Big Al's Landscaping, Inc., which was for summary judgment dismissing the cross claim against it for contractual and common-law indemnification.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In the evening hours of February 4, 2014, the plaintiff allegedly slipped and fell on black ice in the parking lot of a BJ's Wholesale Club store as he was leaving the store and walking to his vehicle. He commenced this personal injury action against the defendants BJ's Wholesale Club, Inc., and Daniel Land Co., LLC (hereinafter together the BJ's defendants), the owners of the parking lot, and the defendant Big Al's Landscaping, Inc. (hereinafter Big Al's), the company that provided snow removal services at the subject parking lot. In their answer, the BJ's defendants asserted a cross claim against Big Al's for contractual and common-law indemnification.
Big Al's moved, inter alia, for summary judgment dismissing the BJ's defendants' cross claim for contractual and common-law indemnification, and the BJ's defendants moved, inter alia, for summary judgment on their cross claim for contractual and common-law indemnification. The BJ's defendants argued that they did not owe a duty to the plaintiff to maintain the parking lot since Big Al's was exclusively responsible for removing snow and ice from the parking lot, that they did not create the alleged dangerous condition or have notice of it, and that the parties' snow removal service contract called for indemnification by Big Al's. The Supreme Court, inter alia, granted that branch of Big Al's motion which was for summary judgment dismissing the BJ's defendants' cross claim and denied that branch the BJ's defendants' motion which was for summary judgment on their cross claim. The BJ's defendants appeal.
"The party seeking contractual indemnification must establish that it was free from negligence and that it may be held liable solely by virtue of statutory or vicarious liability" (Jardin v A Very Special Place, Inc., 138 AD3d 927, 931 [internal quotation marks omitted]; see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1260; Arriola v City of New York, 128 AD3d 747, 748-749). Likewise, "[i]n order to establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury" (Hart v Commack Hotel, LLC, 85 AD3d 1117, 1118-1119 [internal quotation marks omitted]; see Allan v DHL Express [USA], Inc., 99 AD3d 828, 832-833).
Here, although the BJ's defendants had hired Big Al's to remove snow from the parking lot, the snow removal service contract, which included plowing and salting/sanding the parking lot, only required Big Al's to perform snow removal services when the snow accumulation reached one inch in height. Otherwise, the contract provided that an authorized member of the BJ's defendants was required to contact Big Al's if they wanted Big Al's services and there was less than one inch of snow. There was no snow storm on the date of the accident that would have required Big Al's to automatically perform its snow removal services, and the plaintiff did not have any trouble walking from his vehicle in the parking lot to the store on the night of the accident. Big Al's had plowed the parking lot the day before the plaintiff's accident and left by approximately 6:30 a.m. on the day of the accident. Notably, the contract did not require Big Al's to constantly monitor and/or inspect the parking lot; it only required Big Al's to remove snow from the parking lot when the accumulation exceeded one inch. The evidence established that Big Al's had completed its obligation to plow and salt the parking lot on the morning of the accident and was not required to return. Employees of the BJ's defendants also applied salt to the parking lot, and the store always kept salt available in the winter.
Thus, Big Al's established, prima facie, that its performance or nonperformance of snow removal services did not cause the accident, and the BJ's defendants failed to establish, prima facie, that they were not negligent with regard to the icy condition that allegedly caused the plaintiff's accident.
Accordingly, the Supreme Court properly denied that branch of the BJ's defendants' motion which was for summary judgment on their cross claim for contractual and common-law indemnification, and granted that branch of Big Al's motion which was for summary judgment dismissing the BJ's defendants' cross claim for contractual and common-law indemnification.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court