Kauffman v Turner Constr. Co. (2021 NY Slip Op 04124)





Kauffman v Turner Constr. Co.


2021 NY Slip Op 04124


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09036 
2018-11345
 (Index No. 703539/13)

[*1]Craig Kauffman, appellant,
v
Turner Construction Company, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless and I. Elie Herman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated June 11, 2018, and (2) a clerk's judgment of the same court dated August 22, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint. The clerk's judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the clerk's judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the clerk's judgment (see CPLR 5501[a][1]).
In 2012, the plaintiff was employed as a labor shop steward with nonparty Pirraglia Contracting, Inc., and was working at the construction site of a new police academy in College Point. Part of the plaintiff's responsibilities included operating a masonry table saw and a chopping gun. The plaintiff commenced this action to recover damages for personal injuries, alleging, among other things, that, due to the negligence of the defendant, which he claimed was one of the entities responsible for supervising the construction site, he suffered hearing loss while operating that equipment without proper protection. The plaintiff alleged violations of Labor Law §§ 200 and 241(6) as well as common-law negligence.
After issue was joined, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion upon the ground that it was premature, and cross-moved for leave to amend the bill of particulars to include allegations that the defendant was [*2]vicariously liable as a partner in the joint venture that was the general contractor at the construction site where the plaintiff allegedly was injured. The Supreme Court denied the motion as premature, and denied the cross motion on the ground that the plaintiff failed to explain his delay in seeking to amend the bill of particulars.
A note of issue was filed in April 2015 prior to the completion of discovery. However, we take judicial notice (see Matter of Mondschein v Mondschein, 175 AD3d 688, 690) of an order of the court dated February 15, 2018, which vacated the note of issue due to outstanding discovery. On February 28, 2018, the plaintiff served an amended bill of particulars alleging that the defendant was vicariously liable as a partner in the joint venture.
Thereafter, the defendant moved for summary judgment dismissing the complaint, alleging, among other things, that it was not a proper party to the action because the joint venture was a separate and distinct entity. The plaintiff opposed the motion, arguing that the defendant was vicariously liable as a partner to the joint venture. In an order dated June 11, 2018, the Supreme Court granted the defendant's motion upon the ground that the defendant was not a proper party to the action. The court did not reach the defendant's further contentions. Thereafter, a clerk's judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Initially, once the Supreme Court issued its February 15, 2018 order which vacated the note of issue, the action was restored to the pre-note-of-issue discovery stage (see Ryskin v Corniel, 181 AD3d 742, 743). Accordingly, pursuant to CPLR 3042 the plaintiff was entitled to amend the bill of particulars as of course without seeking leave of the court (see CPLR 3042[b]; Leach v N. Shore Univ. Hosp. at Forest Hills, 13 AD3d 415, 416).
The amended bill of particulars alleged that the defendant was vicariously liable as a partner in the joint venture that was the general contractor at the jobsite where the plaintiff was allegedly injured. Therefore, contrary to the Supreme Court's determination, the defendant was not entitled to summary judgment based upon the plaintiff's failure to sufficiently plead its liability (see Cunningham v Mary Agnes Manor Mgt., L.L.C., 188 AD3d 1560, 1561-1562; cf. McGrath v United Hosp., 167 AD2d 518, 519).
Although the Supreme Court did not reach the remaining branches of the defendant's motion for summary judgment dismissing the complaint, we reach those issues as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-546; Astoria Landing, Inc. v New York City Council, 186 AD3d 1593, 1595).
"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Simmons v City of New York, 165 AD3d 725, 728-729). "As a predicate to a section 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code" (Simmons v City of New York, 165 AD3d at 729; see Misicki v Caradonna, 12 NY3d 511, 515; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action by its submissions which demonstrated that the cited regulations which formed the basis of the plaintiff's cause of action either were inapplicable under the circumstances or lacked the specificity required to qualify for predicate liability under that statute (see generally Simmons v City of New York, 165 AD3d at 729). In opposition, the plaintiff failed to raise a triable issue of fact as to this cause of action.
"As has been often noted, Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" [*3](Chowdhury v Rodriguez, 57 AD3d 121, 127-128). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61; see Messina v City of New York, 147 AD3d 748, 749). "Underlying both standards is the authority of the defendant to rectify any dangerous or defective condition existing on the premises or to remedy any unsafe method or manner of work" (Messina v City of New York, 147 AD3d at 749; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Chowdhury v Rodriguez, 57 AD3d at 129-130).
When the methods or materials of the work are at issue, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (Ortega v Puccia, 57 AD3d at 61; see Comes v New York State Elec. & Gas Corp., 82 NY2d at 877; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505; Messina v City of New York, 147 AD3d at 749). "General supervisory authority at a work site, the right to stop a contractor's work if a safety violation is observed, or the authority to ensure compliance with safety regulations or the terms of a contract is insufficient to impose liability under Labor Law § 200" (Messina v City of New York, 147 AD3d at 749; see Ortega v Puccia, 57 AD3d at 62). Rather, the defendant must have had the "responsibility for the manner in which the [plaintiff's] work is performed" (Ortega v Puccia, 57 AD3d at 62; see Messina v City of New York, 147 AD3d at 749).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the subject accident was caused by the means and methods of the plaintiff's work, that the plaintiff's work was directed and controlled by his employer, and that it had no authority to exercise supervisory control over the plaintiff's work (see Messina v City of New York, 147 AD3d at 749-750). The evidence of general supervisory authority was insufficient to impose liability for common-law negligence and under Labor Law § 200 (see McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872, 874). In opposition, the plaintiff failed to raise a triable issue of fact as to these causes of action.
Accordingly, for reasons other than those indicated by the Supreme Court, the court properly granted the defendant's motion for summary judgment dismissing the complaint.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court