Murphy v 80 Pine, LLC (2022 NY Slip Op 04811)

Murphy v 80 Pine, LLC

2022 NY Slip Op 04811

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.

2019-08624
 (Index No. 500094/15)

[*1]Daniel Murphy, et al., plaintiffs-respondents,
v
80 Pine, LLC, et al., respondents-appellants, Bigman Brothers, Inc., defendant-respondent, United States Information Systems, Inc., appellant-respondent, et al., defendants.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (John L. Marsigliano of counsel), for appellant-respondent.
Barry McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger of counsel), for respondents-appellants 80 Pine, LLC, Structure Tone, Inc., and Rudin Management Co., Inc.
Kevin P. Westerman, Garden City, NY (Jonathan R. Walsh and Georgia S. Alikakos of counsel), for respondent-appellant USIS Electric, Inc.
Fortunato & Fortunato, PLLC, Brooklyn, NY (Louis A. Badolato and Annamarie Fortunato of counsel), for plaintiffs-respondents.
Russo & Toner, LLP, New York, NY (Theresa C. Villani of counsel), for defendant-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant United States Information Systems, Inc., appeals, the defendant USIS Electric, Inc., cross-appeals, and the defendants 80 Pine, LLC, Structure Tone, Inc., and Rudin Management Co., Inc., separately cross-appeal, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated June 12, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant United States Information Systems, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against it and dismissing the cross claims asserted against it by the defendant Bigman Brothers, Inc. The order, insofar as cross-appealed from by the defendant USIS Electric, Inc., denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against it and dismissing the cross claims asserted against it by the defendant United States Information Systems, Inc. The order, insofar as cross-appealed from by the defendants 80 Pine, LLC, Structure Tone, Inc., [*2]and Rudin Management Co., Inc., denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against them and on their cross claim for contractual indemnification against the defendant Bigman Brothers, Inc.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant United States Information Systems, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against it and dismissing the cross claims asserted against it by the defendant Bigman Brothers, Inc., and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendant USIS Electric, Inc., which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.30, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendants 80 Pine, LLC, Structure Tone, Inc., and Rudin Management Co., Inc., which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant United States Information Systems, Inc., payable by the plaintiffs and the defendant Bigman Brothers, Inc.
On July 24, 2013, the plaintiff Daniel Murphy (hereinafter Murphy), an employee of Empire Office, Inc., was installing office partitions and furniture at 80 Pine Street, which was owned by the defendant 80 Pine, LLC, and managed by the defendant Rudin Management Co., Inc. (hereinafter together the owners). While moving tools and materials from an area in which he had completed his work to the next work area, Murphy fell and injured his knee when he tripped over a "stub up" (i.e., a portion of electrical conduit and the metal brace holding it) which was protruding from the floor.
Murphy, and his spouse suing derivatively, commenced separate actions, later consolidated, inter alia, to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200 and 241(6), against, among others, the owners; Structure Tone, Inc. (hereinafter Structure Tone), the general contractor; United States Information Systems, Inc. (hereinafter Systems), and USIS Electric, Inc. (hereinafter Electric), the data cable contractor and subcontractor, respectively (hereinafter collectively with the owners and Structure Tone, the defendants); and Bigman Brothers, Inc. (hereinafter Bigman), the electrical contractor. The owners and Structure Tone asserted cross claims against, among others, Bigman for indemnification and contribution. Bigman asserted cross claims against, among others, Systems for common-law indemnification and contribution. Systems asserted cross claims against, among others, Electric for indemnification and contribution.
Electric moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The owners and Structure Tone moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and on their cross claim for contractual indemnification against Bigman. Systems moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated June 12, 2019, the Supreme Court, inter alia, denied those branches of the motions of Electric, Systems, and the owners and Structure Tone which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against each of them. The court also denied those branches of the motions which were for summary judgment dismissing the cross claims against Systems and Electric and that branch of the motion of the owners and Structure Tone which was for summary judgment on their cross claim for contractual indemnification against Bigman. Systems [*3]appeals, and Electric and the owners and Structure Tone separately cross-appeal. We modify.
"Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Chowdhury v Rodriguez, 57 AD3d 121, 127; see Alberici v Gold Medal Gymnatics, 197 AD3d 540, 543; Kauffman v Turner Constr. Co., 195 AD3d 1003, 1005). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61; see Alberici v Gold Medal Gymnatics, 197 AD3d at 543; Kauffman v Turner Constr. Co., 195 AD3d at 1005-1006). "Underlying both standards is the authority of the defendant to rectify any dangerous or defective condition existing on the premises or to remedy any unsafe method or manner of work" (Messina v City of New York, 147 AD3d 748, 749; see Kauffman v Turner Constr. Co., 195 AD3d at 1006).
Where, as here, "the methods or materials of the work are at issue, 'recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work'" (Kauffman v Turner Constr. Co., 195 AD3d at 1006, quoting Ortega v Puccia, 57 AD3d at 61; see Navarra v Hannon, 197 AD3d 474, 475-476). "General supervisory authority at a work site, the right to stop a contractor's work if a safety violation is observed, or the authority to ensure compliance with safety regulations or the terms of a contract is insufficient to impose liability under Labor Law § 200" (Messina v City of New York, 147 AD3d at 749; see Kauffman v Turner Constr. Co., 195 AD3d at 1006; Pchelka v Southcroft, LLC, 178 AD3d 836, 837).
Here, it is undisputed that Bigman installed the stub up. However, it was Bigman's practice to mark stub ups with caution tape, a cone, and/or spray paint both to alert workers to the hazard and to avoid the potential to damage the installation. Bigman's representatives explained that, in the course of their work, other trades sometimes removed safety markings or, in the case of carpet installers, covered over the spray paint. There was no caution tape marking the stub up over which Murphy fell, although Bigman workers placed tape after the accident.
To meet their respective prima facie burdens, the owners and Structure Tone, Systems, and Electric were each separately required to demonstrate that they did not have authority to supervise or control the placement or replacement of markings (see Navarra v Hannon, 197 AD3d at 476; Kauffman v Turner Constr. Co., 195 AD3d at 1006; Mitchell v Caton on the Park, LLC, 167 AD3d 865, 866-867). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62; see Navarra v Hannon, 197 AD3d at 476).
Here, since the owners and Structure Tone demonstrated, prima facie, that they each had mere general supervisory authority over the project, and the plaintiffs failed to raise a triable issue of fact in opposition, the owners and Structure Tone established that they cannot be subjected to liability based upon unsafe work methods (see Kauffman v Turner Constr. Co., 195 AD3d at 1006; Pchelka v Southcroft, LLC, 178 AD3d at 837; Messina v City of New York, 147 AD3d at 749). Accordingly, the Supreme Court should have granted that branch of the motion of the owners and Structure Tone which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. Likewise, since it is undisputed that Systems subcontracted its work to Electric, had no workforce of its own, and did not supervise Electric's work, the court should have granted that branch of Systems's motion which was for summary judgment dismissing these causes of action insofar as asserted against it.
Electric's work, in contrast, involved installing cable through the stub ups, and its employees had been on site prior to Murphy's fall. Since Electric failed to demonstrate, prima facie, that its employees did not remove the safety markings and that it lacked supervisory authority or control over the replacement of any markings that had been removed, the Supreme Court properly denied that branch of Electric's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted [*4]against it.
"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Navarra v Hannon, 197 AD3d at 475; Kaufman v Turner Constr. Co., 105 AD3d at 1005). "To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364; see Kauffman v Turner Constr. Co., 195 AD3d at 1005; Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 688). To bear liability for a violation of the Industrial Code, "the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Navarra v Hannon, 197 AD3d at 475-476 [internal quotation marks omitted]).
Pursuant to 12 NYCRR 23-1.7(e)(1), "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping." Section 23-1.7(e)(2) similarly requires that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."
Here, although Murphy initially testified at his deposition that he was walking through an "open area" when he fell, he later explained that he was walking in an area between the office units he and his coworker were assembling. This raises a triable issue of fact as to whether subdivision (1) or (2) of 12 NYCRR 23-1.7(e), or neither, applies to these facts (compare Aragona v State of New York, 147 AD3d 808, 809, with Gancarz v Brooklyn Pier 1 Residential Owner, L.P., 190 AD3d 955, 957).
Although neither subdivision (1) nor (2) of 12 NYCRR 23-1.7(e) applies where the object over which the plaintiff trips is an integral part of construction (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806; Martinez v 281 Broadway Holdings, LLC, 183 AD3d 712, 714; Aragona v State of New York, 147 AD3d at 809), that exception does not apply here. While it is undisputed that the stub up was an integral part of the construction, none of the defendants have pointed to evidence that it was necessary that the stub ups be unmarked or that safety markings or other protective measures would have interfered with the work (see Aragona v State of New York, 147 AD3d at 809; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d at 984).
12 NYCRR 23-1.30 provides that work sites must have "[i]llumination sufficient for safe working conditions" wherever workers must work and sets a minimum standard of 10-foot candles in any work area and 5-foot candles in any passageway. Here, other than establishing that temporary lighting had been installed, none of the defendants proffered any evidence regarding the quality of the lighting, whereas Murphy testified that it was "pretty dark." Accordingly, none of the defendants demonstrated, prima facie, that this section does not apply to Murphy's accident (see Fritz v Sports Auth., 91 AD3d 712, 713; Verel v Ferguson Elec. Constr. Co., Inc., 41 AD3d 1154, 1157-1158).
While none of the defendants was able to eliminate triable issues of fact as to whether 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 applied to these facts, Systems did establish that, since it had no employees engaged in work on the subject project and did not exercise supervisory control over Electric's employees, Systems did not have the kind of authority or control which would subject it to potential liability. Accordingly, the Supreme Court should have granted that branch of Systems's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against it. Likewise, since Electric demonstrated, prima facie, that its work was limited to data and telephone cable installation and excluded lighting, and the plaintiffs failed to raise a triable [*5]issue of fact in opposition, the court should have granted that branch of Electric's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-1.30 insofar as asserted against it. However, the court correctly found that Electric did not eliminate triable issues of fact as to 12 NYCRR 23-1.7(e)(1) and (2). Finally, the owners and Structure Tone failed to demonstrate that Structure Tone lacked the authority to ensure that obstructions such as the stub up were marked with caution markings or to ensure that the lighting met the requirements of the Industrial Code. Accordingly, the court properly denied that branch of their motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-1.7(e)(1) and (2) and 23-1.30 insofar as asserted against them.
Systems established that, pursuant to its contract with Electric, Systems was entitled to indemnification from Electric if Systems was held liable for Electric's negligence. Accordingly, the Supreme Court properly denied that branch of Electric's motion which was for summary judgment dismissing Systems's cross claim against it for contractual indemnification (see Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679; Anderson v United Parcel Serv., Inc., 194 AD3d 675, 678; Buffardi v BJ's Wholesale Club, Inc., 191 AD3d 833, 835). Since Systems lacked any role in the work at issue, the court also should have granted that branch of Systems's motion which was for summary judgment dismissing Bigman's cross claim against it for common-law indemnification and contribution (see Pereira v Hunt/Bovis Lend Lease Alliance II, 193 AD3d 1085, 1090; Buffardi v BJ's Wholesale Club, Inc., 191 AD3d at 835; Hall v Smithtown Cent. School Dist., 82 AD3d 703, 704). Because the owners and Structure Tone failed to submit evidence of the alleged agreement for contractual indemnification between themselves and Bigman, the court properly denied that branch of their motion which was for summary judgment on their cross claim for contractual indemnification against Bigman.
In light of the foregoing, the remaining contentions of Systems and the owners and Structure Tone need not be considered. To the extent that Electric seeks summary judgment dismissing Bigman's cross claims against it, there is no indication on this record that any such cross claims were made. Electric's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court